[760 NYS2d 55]

In the Matter of John A. Tartaglia (Admitted as John Anthony Tartaglia), an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, April 14, 2003

**APPEARANCES OF COUNSEL**

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Nicholas C. Cooper*, Wayne, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner Grievance Committee served the respondent with a petition dated December 28, 2000, containing eight charges of professional misconduct. After hearings on August 22, 2001, and October 20, 2001, the Special Referee sustained Charges One through Five, Seven, and Eight, and failed to sustain Charge Six. The petitioner now moves to confirm so much of the Special Referee's report as sustained seven of the eight charges, to disaffirm that portion of the report as failed to sustain Charge Six, and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to confirm so much of the report as failed to sustain Charge Six, to disaffirm the balance of the report, and to dismiss this proceeding. In the event any charges are sustained, the respondent asks the Court to limit any sanction imposed to a censure.

Charge One alleges that respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the master account of his attorney trust account.

The respondent was the sole signatory and operator of an attorney escrow account at the Hudson Valley National Bank beginning on or about December 1, 1992, and continuing thereafter through on or about March 22, 1996. Beginning on or about June 16, 1993, and continuously until on or about June 18, 1993, the balance in the master account was a negative number.

Charge Two alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the master account of his attorney trust account.

Beginning approximately April 6, 1994, and continuously thereafter until approximately April 8, 1994, the balance in the master account was a negative number.

Charge Three alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the master account of his attorney trust account.

Between approximately April 1, 1994, and May 6, 1994, the respondent used the master account of his Hudson Valley National Bank attorney trust account to receive and/or disburse funds obtained incident to his practice of law regarding a client named Brown. On more than one occasion during that period, checks were cleared and/or debits were made from the master account on behalf of the Brown matter in amounts that exceeded the amount of funds on deposit therein for that matter.

Charge Four alleges that the respondent engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a sufficient balance in the master account of his attorney trust account.

Between approximately December 1, 1992, and May 31, 1994, the respondent used the master account of his Hudson Valley National Bank attorney trust account to receive and/or disburse funds obtained incident to his practice of law regarding a client named Simone. On one or more occasions during this time period, checks were cleared and/or debits were made from the master account on behalf of the Simone matter in amounts that exceeded the amount of funds then on deposit for that matter.

Charge Five alleges that the respondent disbursed funds to cash and/or engaged in conduct that adversely reflects upon his fitness to practice law, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]) and/or DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by making one or more disbursements to cash from his attorney trust account.

Between approximately June 21, 1993, and April 5, 1994, three checks payable to cash, each bearing the respondent's signature, cleared his Hudson Valley National Bank attorney trust account.

Charge Eight alleges that the respondent is guilty of engaging in conduct that adversely reflects upon his fitness to practice law, in violation of what is currently Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by releasing a negotiable escrow check in breach of his fiduciary responsibilities at a time when the funds it represented were not yet on deposit in his escrow account.

On or before September 24, 1993, the respondent forwarded a check drawn on his attorney trust account at Hudson Valley National Bank in the sum of $220,000, payable to the attorney

for First Asian Nominees Ltd. The respondent directed the bank to put a stop payment order on that check on or about October 12, 1993. When presented for payment on October 13, 1993, payment was refused due to the respondent's instructions.

No deposit of the funds represented by that check was made into the respondent's attorney trust account at any time on or before October 12, 1993.

Based on the evidence adduced, the Special Referee properly sustained Charges One through Five and Charge Eight and properly failed to sustain Charge Six. In addition, we find that Charge Seven should not have been sustained on the basis of the evidence adduced. Accordingly, the petitioner's motion is granted to the extent that Charges One through Five and Charge Eight are sustained and the motion is otherwise denied. The respondent's cross motion is granted to the extent that Charges Six and Seven are not sustained and is otherwise denied.

In determining an appropriate measure of discipline, the respondent asks this Court to consider that he candidly acknowledged his unintentional mistakes, that no client funds were disturbed, that there was no evidence of venality or profit on his part, that he fully cooperated with the Grievance Committee, and that the events underlying the charges occurred between eight and 10 years ago. He notes the pro bono work he has performed for religious and civic associations, including Westchester/Putnam Legal Services.

The respondent's disciplinary history consists of three letters of caution issued between 1994 and November 2000. The first letter of caution, dated October 4, 1994, was for conduct adversely reflecting upon his fitness to practice law by virtue of his shouting at the complainant and using sexist and obscene language in describing his displeasure and in referring to the complainant's superior officer during the course of a telephone conversation with the complainant. The respondent also received two letters of caution, both dated November 2, 2000. One letter cautioned the respondent about the possibility of conflicts of interest and the second cautioned him about his participation, in any capacity, in a financial transaction purporting to involve the sale or purchase of "Prime Bank Notes/Instruments/Debentures." In addition, the Grievance Committee issued two letters of admonition based on complaints of Arthur L. Altman. The letters, dated November 2, 2000, and February 6, 2002, respectively, involved the

respondent's communication with a party known to be represented by an attorney. The respondent's request for reconsideration of the second letter was denied by the petitioner just prior to the filing of its motion regarding the Special Referee's report.

Under the totality of circumstances, including the remoteness in time of the underlying allegations and the fact that none of the charges involves conversion, the respondent is suspended from the practice of law for one year.

RITTER, J. P., SANTUCCI, ALTMAN, FLORIO and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion is granted to the extent that Charges One through Five and Charge Eight are sustained, and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion is granted to the extent that Charges Six and Seven are not sustained and is otherwise denied; and it is further,

Ordered that the respondent, John A. Tartaglia, is suspended from the practice of law for a period of one year, commencing May 14, 2003, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, John A. Tartaglia, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.