[798 NYS2d 458]

In the Matter of JOHN A. TARTAGLIA (Admitted as JOHN ANTHONY TARTAGLIA), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 13, 2005

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Forrest Strauss* of counsel), for petitioner.

*Nicolosi & Nicolosi, LLP,* Manhasset (*Vincent F. Nicolosi* of counsel), and *Albert A. Gaudelli*, Forest Hills, for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition dated November 19, 2003, containing six charges of professional misconduct all stemming from a real estate transaction. After preliminary conferences on February 2, 2004, and May 6, 2004, and hearings on May 15, 2004, and May 26, 2004, the Special Referee sustained all six charges. The petitioner now moves to confirm the findings of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee's findings and to dismiss the charges based on a fair preponderance of the credible evidence adduced at the hearing.

Charge One alleged that the respondent misappropriated funds belonging to another person that were in his possession incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), by releasing a real estate sale down payment, which he was holding as escrowee, directly to his clients in contravention of the applicable real estate sales contract and/or the instructions of the other party to the underlying transaction.

On or about October 7, 2002, Catherine Vuolo contracted to purchase property at 1516 Kennelworth Place, Bronx, from the respondent's clients, Alphonse Catino and LisaAnn Rizzo. Pursuant to the contract of sale, the purchaser tendered a $68,500 down payment. This was deposited into the respondent's IOLA account at JP Morgan Chase on or about November 8, 2002.

Paragraph 6 (a) of the contract of sale provided that if the closing failed to occur for any reason and either party gave no-

tice to the escrowee demanding the down payment, the escrowee must give prompt notice to the other party. Unless the other party objected to the proposed payment within 10 business days, the escrowee was authorized to make payment. If the escrowee did receive notice of objection or, for any reason, he elected, in good faith, not to make such payment, he was obligated to continue to hold the deposit until otherwise directed by the parties or a final, nonappealable judgment, order, or decree of court.

By letter dated December 16, 2002, the respondent informed the purchaser's attorney that he had set a time of the essence closing date of December 27, 2002. He warned that the purchaser's failure to close on that day would result in the immediate forfeiture of the down payment and cancellation of the contract. By letter dated December 24, 2002, the purchaser's attorney rejected the respondent's time of the essence letter and requested an adjournment of the closing date to January 31, 2003. The letter warned the respondent that any release of the down payment by him would result in a lawsuit inasmuch as it would be acting in bad faith as escrowee under the contract. On December 27, 2002, the respondent faxed a letter to the purchaser's attorney stating that the purchaser defaulted, the contract was cancelled, and the down payment was forfeited to the sellers. On that day, the respondent drew a $15,000 check on his IOLA check payable to LisaAnn Rizzo.

Charge Two alleged that the respondent engaged in conduct that adversely reflected on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) by releasing a real estate sale down payment he was holding as escrowee directly to his clients, in contravention of the applicable real estate sales contract and/or the instructions of the other party to the underlying transaction. This charge is predicated upon the facts alleged in Charge One.

Charge Three alleged that the respondent misappropriated funds belonging to another which were in his possession incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), that is, a real estate sale down payment he was holding in escrow, in contravention of the applicable contract and/or the instructions of the other party in the underlying transaction.

In or about March 2003 Catherine Vuolo commenced an action against the respondent and the sellers to recover the $68,500 down payment. On or about March 19, 2003, the respondent released the remaining $53,500 in his escrow account,

to Peter J. Piergiovanni, Esq., who agreed to represent both the respondent and the sellers in the Vuolo lawsuit. The respondent disbursed the money in two checks. One check was for the sum of $20,000, for Piergiovanni's retainer fee in the litigated matter, and the second check, for the sum of $33,500, was payable to "Peter J. Piergiovanni, Attorney and Escrow." Piergiovanni deposited both checks into his attorney escrow account on or about March 26, 2003.

Charge Four alleged that the respondent engaged in conduct that reflected adversely on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by releasing funds from a real estate sale down payment he was holding as escrowee directly to his clients, in contravention of the applicable sales contract and/or the instructions of the other party in the underlying transaction. This charge is predicated upon the facts alleged in Charges One and Three.

Charge Five alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by improperly interfering with an investigation being conducted by the petitioner into a complaint of professional misconduct. In or about March 2003, Catherine Vuolo filed a complaint of professional misconduct against the respondent. During subsequent negotiations between the parties, the respondent insisted that any settlement of the pending litigation between the parties had to be conditioned upon Catherine Vuolo's withdrawal of the complaint, with prejudice. In or about May 2003, the respondent, Catino, Rizzo, and Vuolo executed a stipulation of settlement resolving all pending claims and counterclaims in the Vuolo litigation. The stipulation provided that upon submission of specified proof that Vuolo wrote to the petitioner to withdraw her disciplinary complaint, Piergiovanni would issue a check for $53,500 on behalf of the plaintiff payable to Robert F. Zerilli, as attorney. The parties acknowledged that Vuolo had no control over the petitioner's actions but it was agreed that Vuolo would not voluntarily participate in or pursue any claim against the respondent.

Charge Six alleges that the respondent engaged in conduct adversely reflecting upon his fitness as an attorney, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by improperly interfering with the petitioner's investigation. This charge is predicated upon the facts of Charges One, Three, and Five.

Based on the evidence adduced, the Special Referee properly sustained all six charges. The petitioner's motion to confirm the Special Referee's report is granted and respondent's cross motion to disaffirm and dismiss the charges is denied.

In determining an appropriate measure of discipline to impose, the petitioner observes that the respondent was suspended for a period of one year by opinion and order of this Court dated April 14, 2003 (*Matter of Tartaglia*, 304 AD2d 240 [2003]), as a result of a previous disciplinary proceeding in which he was charged with failing to maintain a sufficient balance in the master account of his attorney trust account, making one or more disbursements to cash from his attorney trust account, and releasing a negotiable escrow check in breach of his fiduciary responsibilities when the corresponding funds were not yet on deposit. As we said in the prior disciplinary proceeding:

> "The respondent's disciplinary history consists of three letters of caution issued between 1994 and November 2000. The first letter of caution, dated October 4, 1994, was for conduct adversely reflecting upon his fitness to practice law by virtue of his shouting at the complainant and using sexist and obscene language in describing his displeasure and in referring to the complainant's superior officer during the course of a telephone conversation with the complainant. The respondent also received two letters of caution, both dated November 2, 2000. One letter cautioned the respondent about the possibility of conflicts of interest and the second cautioned him about his participation, in any capacity, in a financial transaction purporting to involve the sale or purchase of 'Prime Bank Notes/ Instruments/Debentures.' In addition, the Grievance Committee issued two letters of admonition based on complaints of Arthur L. Altman. The letters, dated November 2, 2000, and February 6, 2002, respectively, involved the respondent's communication with a party known to be represented by an attorney. The respondent's request for reconsideration of the second letter was denied by the petitioner just prior to the filing of its motion regarding the Special Referee's report."

The respondent has maintained his sincere belief that he acted professionally and reasonably at all times and violated no

Court rules. However, the respondent's claims regarding the propriety of his interpretation of the contract erroneously presume that the escrowee is empowered to unilaterally determine who is legally entitled to receive disputed funds. In view of the respondent's extensive disciplinary history and his failure to take responsibility for his actions, he is suspended from the practice of law for a period of five years.

PRUDENTI, P.J., H. MILLER, SCHMIDT, ADAMS and KRAUSMAN, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the cross motion to disaffirm the Special Referee's report and dismiss the charges is denied; and it is further,

Ordered that the respondent, John A. Tartaglia, admitted as John Anthony Tartaglia, is suspended from the practice of law for a period of five years, commencing immediately and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the five-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10), and (3) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, John A. Tartaglia, admitted as John Anthony Tartaglia, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, John A. Tartaglia, admitted as John Anthony Tartaglia, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).